Case 1:06-cv-00681-MPT    Document 52    Filed 07/29/2008    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-681-MPT |
| ALL FUNDS CONTAINED IN ING DIRECT BANK ACCOUNT NUMBER 43655078 | : |
| Defendant *in rem*. | : |

## SETTLEMENT AGREEMENT

It is hereby stipulated and agreed by and between the United States of America, through its attorneys Colm F. Connolly, United States Attorney for the District of Delaware and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, and Bijan Razmpour, Behrooz Razmpour, Hassan Razmpour, Homayoun Razmpour, Manijeh Razmpour (collectively, the "Razmpour Claimants"), and Mahmoud Mahkou ("Mahkou"), (collectively, the "Claimants"), that the parties do hereby agree to settle and compromise the above-referenced forfeiture proceeding upon the terms indicated below:

1. On November 6, 2006, the United States commenced this action by the filing of a verified complaint *in rem*. (D.I. 1.) Following the filing of the verified complaint *in rem*, the Clerk of the United States District Court for the District of Delaware issued a warrant of arrest *in rem*, (D.I. 5), which was duly served on the defendant *in rem*. The defendant *in rem* consist of the contents of the following bank account:

1

| Bank | Account Number | Seized Amount |
|---|---|---|
| ING Direct | 43655078 | $79,658.90 |

2.  Razmpour Claimants filed verified claims, (D.I. 6-9, 14), each claiming an interest in the full value of the defendant *in rem*. Mahkou also filed a verified claim, (D.I. 45), claiming an interest$16,000 of defendant *in rem*. Razmpour Claimants also filed an answer in this action. (D.I. 11.)

3.  Upon the Effective Date of this agreement, the United States agrees to release $50,658.90 to the Razmpour Claimants, collectively. The United States agrees to release $16,000 to Mahkou.

4.  Claimants consent to the immediate forfeiture of the remaining value of the defendant *in rem*, to the exclusive use and benefit of the United States, because the defendant *in rem* was involved in a violation of 31 U.S.C. § 5324(a)(3) and are therefore forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 and 31 U.S.C. § 5317 (c)(2). Claimants consent to the forfeiture of the defendant *in rem* either through the administrative process, or through a judicial forfeiture, at the option of the United States.

5.  Claimants agree not to file any further claim with any agency or court of the United States, or of any State, seeking the return of the defendant *in rem*, including but not limited to any petition for remission or mitigation, or any motion for return of seized property.

6.  Claimants waive their right, if any, to use the instant action or its settlement as a basis for any statutory or constitutional defense, including, without limitation, a defense based upon the double jeopardy provisions of the Fifth Amendment or the Excessive Fines Clause of the Eighth Amendment, in any civil, criminal or administrative action.

7. Claimants agree to release and hold harmless the United States, including, but not limited to, the Internal Revenue Service, the Federal Bureau of Investigation, the United States Marshals Service, the United States Attorney's Office for the District of Delaware and their agents, employees, representatives and other persons acting in or on their behalf, and any other law enforcement personnel involved in this matter, from any and all claims, actions, demands, damages, causes of action, suits and proceedings of whatever kind or description that might now or hereafter exist on account of and in connection with any matters relating directly or indirectly to the seizure, detention, possession, storage or handling of said defendant *in rem*, including but not limited to any claim under 28 U.S.C. § 2412 or the Equal Access to Justice Act.

8. Claimants agree that they did not substantially prevail in their claims, and each party agrees to bear his or its own attorneys fees and costs.

9. This agreement may not be used by the United States or Claimants for purposes other than the resolution of this forfeiture action, and is not intended to be construed as an admission of guilt or liability by Claimants, and shall not constitute an admission of liability or fault on the part of the United States or on the part of its agents.

10. No additional promises, agreements and conditions have been entered into concerning the defendants *in rem*, other than those set forth in this Agreement and none will be entered into unless in writing and signed by all parties.

11. Claimants consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

3

Case 1:06-cv-00681-MPT   Document 52   Filed 07/29/2008   Page 4 of 5

12.  The "Effective Date" of this Agreement shall be the date of signature of the last signatory to the Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

13.  This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

14.  This Agreement is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Agreement shall be the United States District Court for the District of Delaware.

/////

We have read this Agreement before signing and we fully understand the terms and conditions hereof.

_____     DATE: 7/28/08
Bayard J. Snyder
Snyder & Associates
P.O. Box 90
Wilmington, DE 19899-0090

Attorney for Claimants:
Bijan Razmpour
Behrooz Razmpour
Hassan Razmpour
Homayoun Razmpour
Manijeh Razmpour

_____     DATE: 7/25/08
Richard Q. Hark, Esquire
Hark & Hark
1818 Market Street
30th Floor
Philadelphia, PA 19103-3699

Attorney for Claimant:
Mahnoud Mahkou

COLM F. CONNOLLY
United States Attorney

_____     DATE: 7/28/08
Lesley F. Wolf
Assistant United States Attorney
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

IT IS SO ORDERED this 28 day of July, 2008.

_____
HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE JUDGE

5